MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
FRANKLIN MOISES OSORTO ESCOBAR,
*individually and on behalf of others similarly*
*situated,*

*Plaintiff,*

-against-

27 MADISON AVENUE CORP.  (D/B/A
ESSEN), ESSEN22, LLC (D/B/A ESSEN),
KYEONG HWANG, JOSEPHINE KIM,
JOHN BYUN, CHONG BYUN, WILLIAM
BYUN, and MYONG BYUN,

*Defendants.*

--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Franklin Moises Osorto Escobar ("Plaintiff Osorto" or "Mr. Osorto"), individually

and on behalf of others similarly situated, by and through his attorneys, Michael Faillace &

Associates, P.C., upon his knowledge and belief, and as against 27 Madison Avenue Corp. (d/b/a

Essen), Essen22, LLC (d/b/a Essen), ("Defendant Corporations"), Kyeong Hwang, Josephine Kim,

John Byun, Chong Byun, William Byun, and Myong Byun, ("Individual Defendants"),

(collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.      Plaintiff Osorto is a former employee of Defendants 27 Madison Avenue Corp. (d/b/a

Essen), Essen22, LLC (d/b/a Essen), Kyeong Hwang, Josephine Kim, John Byun, Chong Byun,

William Byun, and Myong Byun.

2.      Defendants own, operate, or control two restaurants, located at 60 Madison Avenue, New York, New York 10010 (hereinafter "the Madison Avenue location") and at 699 Sixth Avenue, New York, New York 10010 (hereinafter "the Sixth Avenue location") both under the name "Essen."

3.      Upon information and belief, individual Defendants Kyeong Hwang, Josephine Kim, John Byun, Chong Byun, William Byun, and Myong Byun, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Osorto was employed as a deli man and a caterer at the restaurants located at 60 Madison Avenue, New York, New York 10010 and 699 Sixth Avenue, New York, New York 10010.

5.      At all times relevant to this Complaint, Plaintiff Osorto worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Osorto appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Osorto the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      Defendants' conduct extended beyond Plaintiff Osorto to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Osorto and other employees to work in excess of forty (40) hours per week

without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiff Osorto now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Osorto seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Osorto's state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate two restaurants located in this district. Further, Plaintiff Osorto was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Franklin Moises Osorto Escobar ("Plaintiff Osorto" or "Mr. Osorto") is an adult individual residing in Bronx County, New York.

15.     Plaintiff Osorto was employed by Defendants at Essen from approximately October 2009 until on or about March 1, 2019.

16.     Plaintiff Osorto consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants owned, operated, or controlled two restaurants, located at 60 Madison Avenue, New York, New York 10010 and 699 Sixth Avenue, New York, New York 10010 both under the name "Essen."

18.     Upon information and belief, 27 Madison Avenue Corp. (d/b/a Essen) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 60 Madison Avenue, New York, New York 10010.

19.     Upon information and belief, Essen22, LLC (d/b/a Essen) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 699 Sixth Avenue, New York, New York 10010.

20.     Defendant Kyeong Hwang is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Kyeong Hwang is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Kyeong Hwang possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He

determines the wages and compensation of the employees of Defendants, including Plaintiff Osorto, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.     Defendant Josephine Kim is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Josephine Kim is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Josephine Kim possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Osorto, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant John Byun is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Byun is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant John Byun possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Osorto, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.     Defendant Chong Byun is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Chong Byun is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Chong Byun possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the

wages and compensation of the employees of Defendants, including Plaintiff Osorto, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.     Defendant William Byun is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant William Byun is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant William Byun possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Osorto, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Myong Byun is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Myong Byun is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Myong Byun possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Osorto, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

26.     Defendants operate two restaurants located in the Chelsea and NoMad sections of Manhattan in New York City.

- 6 -

27.     Individual Defendants, Kyeong Hwang, Josephine Kim, John Byun, Chong Byun, William Byun, and Myong Byun, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.     Each Defendant possessed substantial control over Plaintiff Osorto's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Osorto, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employed Plaintiff Osorto (and all similarly situated employees) and are Plaintiff Osorto's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiff Osorto and/or similarly situated individuals.

32.     Upon information and belief, Individual Defendants Kyeong Hwang, Josephine Kim, John Byun, Chong Byun, William Byun, and Myong Byun operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

     a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

33. At all relevant times, Defendants were Plaintiff Osorto's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Osorto, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Osorto's services.

34. In each year from 2013 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

36.     Plaintiff Osorto is a former employee of Defendants who was employed as a deli man and a caterer.

37.     Plaintiff Osorto seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Franklin Moises Osorto Escobar*

38.     Plaintiff Osorto was employed by Defendants from approximately October 2009 until on or about March 1, 2019.

39.     Defendants employed Plaintiff Osorto as a deli man and a caterer.

40.     Plaintiff Osorto regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

41.     Plaintiff Osorto's work duties required neither discretion nor independent judgment.

42.     Throughout his employment with Defendants, Plaintiff Osorto regularly worked in excess of 40 hours per week.

43.     From approximately March 2013 until on or about October 2014, Plaintiff Osorto worked at the 27th Street location from approximately 9:00 a.m. until on or about 7:00 p.m., four days a week and from approximately 9:00 a.m. until on or about 9:00 p.m., two days a week two weeks per month (typically 64 hours per week).

44.     From approximately March 2013 until on or about October 2014, Plaintiff Osorto worked at the 27th Street location from approximately 9:00 a.m. until on or about 7:00 p.m. seven days a week twice a month (typically 70 hours per week).

45.     From approximately November 2014 until on or about March 1, 2019, Plaintiff Osorto worked at the 22nd Street location from approximately 3:00 a.m. to 5:00 a.m. until on or about 3:00 p.m., six days a week twice a month (typically 60 to 72 hours per week).

46.    From approximately November 2014 until on or about March 1, 2019, Plaintiff Osorto worked at the 22nd Street location from approximately 3:00 a.m. to 5:00 a.m. until on or about 3:00 p.m., seven days a week twice a month (typically 70 to 84 hours per week).

47.    From approximately March 2013 until on or about December 2015, Defendants paid Plaintiff Osorto his wages in cash.

48.    From approximately January 2016 until on or about March 2019, Defendants paid Plaintiff Osorto his wages in a combination of personal check and cash.

49.    From approximately March 2013 until on or about December 2013, Defendants paid Plaintiff Osorto $10.00 per hour.

50.    From approximately January 2014 until on or about December 2016, Defendants paid Plaintiff Osorto $11.00 per hour.

51.    From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Osorto $12.00 per hour.

52.    From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Osorto $13.50 per hour.

53.    From approximately January 2019 until on or about March 1, 2019, Defendants paid Plaintiff Osorto $17.00 per hour.

54.    In addition, throughout his employment, Defendants paid Plaintiff Osorto a fixed salary of $170 per day on Saturdays and Sundays.

55.    Plaintiff Osorto's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

56.    For example, Defendants required Plaintiff Osorto to work an additional 2 hours past his scheduled departure time twice a week, and did not pay him for the additional time he worked.

57.     Defendants never granted Plaintiff Osorto any breaks or meal periods of any kind.

58.     Plaintiff Osorto was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

59.     Specifically, Plaintiff Osorto was not required to keep track of his time on Saturdays and Sundays, resulting in Plaintiff Osorto receiving a daily salary on those days.

60.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Osorto regarding overtime and wages under the FLSA and NYLL.

61.     Defendants did not provide Plaintiff Osorto an accurate statement of wages, as required by NYLL 195(3).

62.     In fact, Defendants adjusted Plaintiff Osorto's paystubs so that they reflected inaccurate wages and hours worked.

63.     Defendants did not give any notice to Plaintiff Osorto, in English and in Spanish (Plaintiff Osorto's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

64.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Osorto (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

65.     Plaintiff Osorto was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

66.     Defendants' pay practices resulted in Plaintiff Osorto not receiving payment for all his hours worked, and resulted in Plaintiff Osorto's effective rate of pay falling below the required minimum wage rate.

67.     Defendants habitually required Plaintiff Osorto to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

68.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Osorto worked.

69.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

70.     Defendants paid Plaintiff Osorto his wages in cash and a combination of personal check and cash.

71.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

72.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Osorto (and similarly situated individuals) worked, and to avoid paying Plaintiff Osorto properly for his full hours worked.

73.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

74.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Osorto and other similarly situated former workers.

75.     Defendants failed to provide Plaintiff  Osorto and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

76.     Defendants failed to provide Plaintiff Osorto and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

77.      Plaintiff Osorto brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

78.     At all relevant times, Plaintiff Osorto and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and

have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

79.      The claims of Plaintiff Osorto stated herein are similar to those of the other employees.

## **FIRST CAUSE OF ACTION**

## **VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

80.      Plaintiff Osorto repeats and realleges all paragraphs above as though fully set forth herein.

81.      At all times relevant to this action, Defendants were Plaintiff Osorto's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Osorto (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

82.      At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

83.      Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

84.      Defendants failed to pay Plaintiff Osorto (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

85.      Defendants' failure to pay Plaintiff Osorto (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

86.     Plaintiff Osorto (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

87.     Plaintiff Osorto repeats and realleges all paragraphs above as though fully set forth herein.

88.     At all times relevant to this action, Defendants were Plaintiff Osorto's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Osorto (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

89.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

90.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

91.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Osorto (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

92.     Defendants' failure to pay Plaintiff Osorto (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

93.     Plaintiff Osorto (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

94.    Plaintiff Osorto repeats and realleges all paragraphs above as though fully set forth herein.

95.    At all times relevant to this action, Defendants were Plaintiff Osorto's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Osorto, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

96.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Osorto less than the minimum wage.

97.    Defendants' failure to pay Plaintiff Osorto the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

98.    Plaintiff Osorto was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

99.    Plaintiff Osorto repeats and realleges all paragraphs above as though fully set forth herein.

100.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Osorto overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

101.     Defendants' failure to pay Plaintiff Osorto overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

102.     Plaintiff Osorto was damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

103.      Plaintiff Osorto repeats and realleges all paragraphs above as though fully set forth herein.

104.     Defendants failed to pay Plaintiff Osorto one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Osorto's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

105.     Defendants' failure to pay Plaintiff Osorto an additional hour's pay for each day Plaintiff Osorto's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

106.     Plaintiff Osorto was damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

107.      Plaintiff Osorto repeats and realleges all paragraphs above as though fully set forth herein.

108.     Defendants failed to provide Plaintiff Osorto with a written notice, in English and in Spanish (Plaintiff Osorto's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any,

claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

109.     Defendants are liable to Plaintiff Osorto in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

110.     Plaintiff Osorto repeats and realleges all paragraphs above as though fully set forth herein.

111.     With each payment of wages, Defendants failed to provide Plaintiff Osorto with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

112.     Defendants are liable to Plaintiff Osorto in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Osorto respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Osorto and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Osorto and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Osorto's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Osorto and the FLSA Class members;

(f)     Awarding Plaintiff Osorto and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Osorto and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the

FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Osorto;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Osorto;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Osorto;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Osorto's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Osorto;

(m)     Awarding Plaintiff Osorto damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiff Osorto damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Osorto liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Osorto and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiff Osorto and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Osorto demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

March 22, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

————

Faillace@employmentcompliance.com

March 8, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                           Franklin Moises Osorto Escobar

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                                  8 de Marzo del 2019

*Certified as a minority-owned business in the State of New York*