UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANKLIN MOISES OSORTO ESCOBAR<br>*individually and on behalf of others similarly situated,*<br>　　　　　　　*Plaintiff,*<br><br>　　　　-against-<br><br>27 MADISON AVENUE CORP. (D/B/A ESSEN), ESSEN22, LLC (D/B/A ESSEN), KYEONG HWANG, JOSEPHINE KIM, JOHN BYUN, CHONG BYUN, WILLIAM BYUN, and, MYONG BYUN,<br><br>　　　　　　　*Defendants.* | 19-cv-02608-KNF<br><br>**SETTLEMENT AGREEMENT<br>AND<br><u>RELEASE</u>** |

　　　　This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Franklin Moises Osorto Escobar ("Plaintiff Osorto") on the one hand, 27 Madison Avenue Corp. (d/b/a Essen) and Essen22, LLC (d/b/a Essen), ("Defendant Corporation"), Kyeong Hwang, Josephine Kim, John Byun, Chong Byun, William Byun, and Myong Byun, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

　　　　WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

　　　　WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 19-cv-02608 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

　　　　WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

　　　　WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

　　　　NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

　　　　1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross and total sum of

Twenty Thousand Dollars and Zero Cents (**$20,000.00**) (the "Settlement Amount") by check made payable to "*Michael Faillace & Associates, P.C., as attorneys for Plaintiff*" to be delivered to Michael Faillace & Associates, P.C., no later than 30 days after the court issues an Order approving this Agreement.

    (a)  The payment set forth above in this Paragraph shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165.

    (b)  Plaintiff and/or his counsel shall deliver executed W-9(s) and/or W-2(s) prior to payment, with an apportionment of the settlement amount so that deductions, if any may be withheld.

    (c)  Plaintiff shall hold harmless and indemnify Defendants to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from Plaintiff's failure to pay taxes in connection with the payment(s) under this Agreement.

    2.  <u>Release and Covenant Not To Sue</u>:  Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for him, his heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, solely for and from any and all wage and hour charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff at any time has, had, claims or claimed to have against Defendants relating specifically to the wage and hour claims that were, or could have been, raised in the Litigation or have accrued as of the Effective Date of this Agreement.  Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

    3.  <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

    4.  <u>Modification of the Agreement</u>:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

    5.  <u>Acknowledgments</u>: Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements,

representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

<u>To Plaintiff</u>:
Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

<u>To Defendants</u>:

Jonathan J. Lerner, Esq.
**STARR, GERN, DAVISON & RUBIN, P.C**
105 Eisenhower Parkway
Roseland, NJ 07068
Tel: (973) 403-9200
Fax: (973) 364-1403
Email: jlerner@starrgern.com

Jonathan Yoon Sue, Esq.
**LAW OFFICES OF JONATHAN Y. SUE, PLLC**
303 Fifth Avenue, Suite 1207
New York, NY 10016
Tel: (212) 967-1001
Email: js@jyspllc.com

7. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the exclusive personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York for any subsequent proceeding to enforce this Agreement.

8. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set

forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. <u>Release Notification</u>: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff confirms that this Settlement Agreement and Release has been translated in Spanish (Plaintiff's native language) to him, that Plaintiff understands the terms of this Agreement, and that he is signing this Agreement voluntarily.

10. <u>Accord and Satisfaction</u>: Should any action or proceeding be instituted by any of the Plaintiff with respect to matters herein settled, released or waived pursuant to this Agreement, other than an action or proceeding to enforce the terms of this Agreement, this Agreement shall be deemed a full accord, satisfaction and settlement of any such claim(s) and sufficient basis for immediate dismissal.

11. <u>No Assignment</u>: Plaintiff represent and warrant that they have not assigned, transferred, or purported to assign or transfer, to any person or entity, any Released Claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action and no lien exists therein.

12. <u>Entire Agreement</u>: This Agreement and all attachments constitute the entire Agreement between the Parties. All prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into and superseded by this Agreement. There are no representations, warranties, understandings, or agreements other than those expressly set forth in this Agreement.

13. <u>Waiver</u>: Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any time or all times.

14. <u>Modification</u>: This Agreement and Release may not be modified, altered or otherwise changed except by a written agreement signed and notarized by the affected parties by the modification, alteration, or change.

15. <u>Binding Effect</u>: This Agreement shall be binding upon and inure to the benefit of the Parties, and the Parties' heirs, trustees, executors, administrators, successors, and assigns of the respective Parties.

16. <u>Construction</u>: The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties. Therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

17. <u>Attorneys' Fees and Costs</u>: Except as specifically provided elsewhere in this Agreement, each Party shall be solely responsible for its or their own attorneys' fees and costs in connection with the Litigation. However, the prevailing Party shall be entitled to recover all reasonable attorneys' fees and costs incurred in the prosecution of any action to enforce the terms of this Agreement.

18. <u>Fair and Reasonable Settlement</u>: The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Litigation. The Parties also agree that there was no undue influence, duress, overreaching, collusion, or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

19. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**PLAINTIFF:**

By: _____  Date: 12/6/2019
FRANKLIN MOISES OSORTO ESCOBAR

**DEFENDANTS:**

By: _____  Date: _____
27 MADISON AVENUE CORP.

By: _____  Date: 12/12/2019
BB&N22, LLC

By: _____  Date: _____
[illegible name]

By: _____  Date: _____
JOSEPHINE KIM

By: _____  Date: 12/12/2019
[illegible name]

X By: _____  Date: 12/12/2019
CHONG BYUN

By: _____  Date: 12/12/2019
[illegible name]

By: _____  Date: 12/13/2019
MYONG BYUN

as to
27 madison
Avenue Corp.
only

**PLAINTIFF:**

By: _____*Franklin Osorto*_____   Date: 12/6/2019
FRANKLIN MOISES OSORTO ESCOBAR


**DEFENDANTS:**

By: _____*[signature]*_____   Date: 12/12/2019
27 MADISON AVENUE CORP.

By: _____   Date: _____
ESSEN22, LLC

By: _____*[signature]*_____   Date: 12/12/2019
KYEONG HWANG

By: _____   Date: _____
JOSEPHINE KIM

By: _____   Date: _____
JOHN BYUN

By: _____   Date: _____
CHONG BYUN

By: _____   Date: _____
WILLIAM BYUN

By: _____   Date: _____
MYONG BYUN

PLAINTIFF:

By: _____*Franklin Osorto*_____   Date: 12/6/2019
FRANKLIN MOISES OSORTO ESCOBAR

DEFENDANTS:

By: _____   Date: _____
27 MADISON AVENUE CORP.

By: _____   Date: _____
ESSEN22, LLC

By: _____   Date: _____
~~KYEONG HWANG~~

By: ___*[signature]*_____   Date: 12/11/19
JOSEPHINE KIM

By: _____   Date: _____
JOHN BYUN

By: _____   Date: _____
CHONG BYUN

By: _____   Date: _____
WILLIAM BYUN

By: _____   Date: _____
MYONG BYUN

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FRANKLIN MOISES OSORTO ESCOBAR, individually and on behalf of others similarly situated,<br><br>      *Plaintiff,*<br><br>- vs -<br><br>27 MADISON AVENUE CORP. (D/B/A ESSEN), ESSEN22, LLC (D/B/A ESSEN), KYEONG HWANG, JOSEPHINE KIM, JOHN BYUN, CHONG BYUN, WILLIAM BYUN, and MYONG BYUN,<br><br>      *Defendants.* | **19-cv-02608-KNF**<br><br>**STIPULATION OF VOLUNTARY**<br>**DISMISSAL WITH PREJUDICE** |

  IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties, that the Complaint and any and all claims that were or could have been asserted in this action against 27 Madison Avenue Corp. (d/b/a Essen) and Essen22, LLC (d/b/a Essen), ("Defendant Corporation"), Kyeong Hwang, Josephine Kim, John Byun, Chong Byun, William Byun, and Myong Byun are hereby dismissed in their entirety, with prejudice, and with each party to bear its own costs, expenses, disbursements, and attorneys' fees.

Date: New York, New York
    December 12, 2019

*[signature]*

Jonathan J. Lerner, Esq.
STARR, GERN, DAVISON & RUBIN, P.C
105 Eisenhower Parkway
Roseland, NJ 07068
Tel: (973) 403-9200
Fax: (973) 364-1403
Email: jlerner@starrgern.com
*Attorneys for Defendants 27 Madison Avenue Corp., Kyeong Hwang, Josephine Kim, & Brendan Creegan*

*[signature]*

Michael A. Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St., Suite 2540
New York, NY 10165
Tel.: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com
*Attorneys for Plaintiff*

Jonathan Yoon Sue, Esq.
LAW OFFICES OF JONATHAN Y. SUE, PLLC
303 Fifth Avenue, Suite 1207
New York, NY 10016
Tel: (212) 967-1001
Email: js@jyspllc.com
*Attorneys for Defendants Essen22, LLC; John Byun; Chong Byun; William Byun & Myong Byun.*

Jonathan J. Lerner, Esq.
STARR, GERN, DAVISON & RUBIN, P.C
105 Eisenhower Parkway
Roseland, NJ 07068
Tel: (973) 403-9200
Fax: (973) 364-1403
Email: jlerner@starrgern.com
*Attorneys for Defendants 27 Madison Avenue Corp., Kyeong Hwang, Josephine Kim, & Brendan Creegan*

Michael A. Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St., Suite 2540
New York, NY 10165
Tel.: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com
*Attorneys for Plaintiff*

/s/ Jonathan Yoon Sue

Jonathan Yoon Sue, Esq.
LAW OFFICES OF JONATHAN Y. SUE, PLLC
303 Fifth Avenue, Suite 1207
New York, NY 10016
Tel: (212) 967-1001
Email: js@jyspllc.com
*Attorneys for Defendants Essen22, LLC; John Byun; Chong Byun; William Byun & Myong Byun.*